# DISTRICT COURT OF MARYLAND FOR

**LOCATED AT (COURT ADDRESS)**
Prince George's County, Courthouse, Upper Marlboro, Md.

COMPLAINT ☐ $5,000 or under ☒ over $5,000 ☐ over $10,000

Clerk: Please docket this case in an action of ☐ contract ☒ tort ☐ replevin ☐ detinue.

The particulars of this case are:

On or about Wednesday, September 13, 2006, at approximately 6:45 A.M., plaintiff, Newbe Safo was riding as a passenger for hire on a Washington Metropolitan Area Transit Authority Metrobus traveling southbound on 16th Street, N.W., Washington, D.C. This bus was being operated by defendant Carl Casell Hannah, who by information and belief, was operating said vehicle within the scope of his employment with the corporate defendant into the intersection with Irving Street, N.W., Washington, D.C. Suddenly and without warning the said bus was in collision with a motor vehicle owned and being operated by defendant Edward J. Fritzmaurice who had been traveling eastbound on Irving Street, N.W.. Immediately thereafter, the WMATA Metrobus in which plaintiff was riding as passenger was struck from the rear by another WMATA Metrobus being operated by co-defendant Keith A. Ward, also by information and belief operating said vehicle within the scope of his employment with co-defendant WMATA.

As a result of the multiple collision and the joint and several negligence and carelessness of the three (3) drivers, plaintiff, Newbe Safo sustained multiple, painful and personal injuries and damages

(See Continuation Sheet)

## CASE NO.
CV

## PARTIES

**Plaintiff:**
NEWBE SAFO
8814 Lanier Drive, Apt. #102
Silver Spring, Maryland, 20910

**VS.**

**Defendant(s):**

1. CAROL CASWELL HANNAH
11712 Butlers Branch Road
Clinton, Maryland, 20735
Serve by: ☐ Certified Mail ☒ Private Process ☐ Constable ☐ Sheriff

2. WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
600 Fifth Street, N.W.
Washington, D.C., 20001
Serve by: ☐ Certified Mail ☒ Private Process ☐ Constable ☐ Sheriff

3. KEITH A WARD
4515 Illinois Avenue, N.W.
Washington, D.C.
Serve by: ☐ Certified Mail ☒ Private Process ☐ Constable ☐ Sheriff

4. EDWARD J. FRITZMAURICE
4514 Connecticut Ave, N.W., #301
Washington, D.C.,
Serve by: ☐ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff

The Plaintiff claims: ☐ Legal ☐ Contractual ____%

☒ $ 10,000.00 plus interest of $ _____ and attorney's fees of $ _____ plus court costs.

☐ Return of the property and damages of $ _____ for its detention in an action of replevin.

☐ Return of the property, or its value, plus damages of $ _____ for its detention in action of detinue.

☐ Other:

and demands judgment for relief.

Signature of Plaintiff/Attorney/Attorney Code
Telephone Number: (202) 659-1200

## ATTORNEYS

**For Plaintiff - Name, Address, Telephone Number & Code**

Peter A. Chapin, Esquire
Sacks & Chapin, P.C.
927 15th Street, N.W. - 9th Floor
Washington, D.C., 20005        #5871

## APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT

Attached hereto are the indicated documents which contain sufficient detail as to liability and damage to apprise the Defendant clearly of the claim against the Defendant, including the amount of any interest claimed.

☐ Properly authenticated copy of any note, security agreement upon which claim is based ☐ Itemized statement of account ☐ Interest work sheet
☐ Vouchers ☐ Check ☐ Other written document ☐ _____ ☐ Verified itemized repair bill or estimate

I HEREBY CERTIFY: That I am the ☐ Plaintiff ☐ _____ of the Plaintiff herein and am competent to testify to
(Owner/Partner/Agent/Officer)

the matters stated herein, which are made on my personal knowledge; that there is justly due and owing by the Defendant to the Plaintiff the sum set forth in the Complaint.
☐ That

I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the above Complaint are true and I am competent to testify to these matters. The Defendant is not now in the military service, as defined in the Servicemembers Civil Relief Act.

_____        _____
Date                                                    Signature of Affiant

DC/CV1 (FRONT) (REV.11/2005)

### NOTICE TO DEFENDANT BEFORE TRIAL

If you agree that you owe the amount claimed, it may not be necessary for you to come to Court. Contact the Plaintiff if you wish to make payment. If you are appearing in court on the trial date, bring letters, receipts, and contracts which may help you. If you need a witness, contact the Clerk's office about a summons to the witness.

### NOTICE IF JUDGMENT IS ENTERED

If the Court awards judgment in this case to the Plaintiff, you as the Judgment Debtor, may do several things before submitting payment to satisfy the judgment. One is to appeal the decision to the circuit court sitting in that District. This is what's involved in an APPEAL of a District Court judgment—

1. 30 DAYS—You would have 30 days from the day of an adverse judgment within which to note your appeal at the District Court and there pay the higher court's filing fee. If you qualify as indigent, you may at that time petition the District Court to waive the collection of this fee.
2. TRANSCRIPT COSTS.—If the amount which you were sued was $5,000 or less (not counting interest or attorney's fees), the circuit court would hear your appeal as an entirely new case from start to finish. Therefore, no transcripts from the District Court trial would be necessary. If, however, this amount should exceed $5,000, the higher court would hear your appeal on the record of what transpired in the District Court. That appeal requires a transcript of the District Court trial record. For information and costs to obtain a transcript refer to the Transcripts and Recordings brochure DCA 27 available at the clerk's office.

**Another option** after an adverse judgment is to file a MOTION FOR A NEW TRIAL.

1. 10 DAYS.—You have 10 days from day of judgment to do this.
2. GRANT/DENY.—If the Court grants your motion, you will receive a summons to a new trial.

**The last options** are to file MOTIONS to change the JUDGMENT.

1. 10 DAYS for ALTERING or AMENDING the judgment.
2. 30 DAYS for REVISING the judgment.

If you would not want to move on any of these options, then you should make all possible arrangements with the Plaintiff or the Plaintiff's attorney to pay the judgment amount. Should you not do this, the Plaintiff could request the Court's enforcement powers. These enforcement procedures include —

1. INTERROGATORIES.—This is an attempt to locate any assets you may have. This requires written answers.
2. ORAL EXAMINATION.—Another attempt to locate any assets you may have. This requires your appearing in court to answer questions.

The Court backs up these plaintiff-attempts at discovery by bringing its contempt powers to bear on an unresponsive defendant. More stringent enforcements you should know about include—

3. WRIT OF EXECUTION.—Such a writ could order the levying or seizure and sale of any of your goods. And you, in such a circumstance, would bear the expenses of the seizure (e.g. towing, moving, storage fees, auctioneer's fees, advertising costs). Some of your goods are, by their nature, exempt from such action—

   (a) Wearing apparel, books, tools, instruments, or appliances necessary for the practice of any trade or profession, except those kept for sale, lease, or barter, in an amount not to exceed $5,000 in value.
   (b) Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance benefits, compensation and relief. Disability income benefits are not exempt if the judgment is for necessities contracted for after the disability occurred.
   (c) Professionally prescribed health aids for you or any of your dependents.
   (d) Your interest, not to exceed $1,000 in value, in household goods, wearing apparel, appliances, books, animals kept as pets, and other items that are held primarily for personal family or household use by you or your dependents.
   (e) Cash or property of any kind equivalent in value to $6,000, if within 30 days from the date of the attachment or levy you elect to exempt cash or selected items of property in an amount not to exceed a cumulative value of $6,000.

4. GARNISHMENT OF PROPERTY.—Such a writ, attaching certain assets of yours in the hands of someone else, would order that other party (e.g. bank holding your account, agent) to hold the asset subject to further court proceedings.

5. GARNISHMENT OF WAGES.—Such a writ would order your employer to begin withholding from your wages the amount left over after deducting what is lawfully required and after exempting money that may not be garnished.
   Exemptions from garnishment—
   (1) the greater of: (a) 75 percent of the disposable wages due; OR
   (b) 30 times the federal minimum hourly wages under the Fair Labor Standards Act in effect at the time the wages are due; AND
   (2) any medical insurance payment deducted from an employee's wages by the employer. Other federal exemptions may be available.

   Disposable wages means the part of wages that remain after deduction of any amount required to be withheld by law.
   Finally, should you become the Judgment Debtor you should know that judgment is public information and anyone may request a copy of it.

   To Plaintiff: If the Court enters a judgment for a sum certain, you have a right to obtain a lien on real property.