UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALEXANDER G. PINEDA, | : | |
| Plaintiff | : | |
| vs. | : | Civil No.: 1:07-CV-01948<br>**Mag. Judge Facciola** |
| EDWARD J. FRITZMAURICE, et al | : | |
| Defendant | : | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| NEWBE SAFFO, | : | Civil No.: 1:07-cv-02325<br>**Mag. Judge Facciola** |
| Plaintiff | : | |
| vs. | : | |
| WMATA, et al, | : | |
| Defendants | : | |

## PLAINTIFF SAFO'S MOTION FOR ORDER COMPELLING DISCOVERY

Comes now the plaintiff, Newbe Saffo, by and through his attorneys, Sacks & Chapin, P.C., and pursuant to Rule 37(a), Federal Rules of Civil Procedure, respectfully moves this Honorable Court for entry of an Order compelling the defendants Washington Metropolitan Area Transit Authority (hereinafter referred to as "WMATA"), and Edward J. Fritzmaurice, to respond forthwith to reasonable discovery in the form of Answers to Interrogatories and Responses to Requests for Production of Documents, and plaintiff Safo respectfully represents unto this Honorable Court as follows:

1. Plaintiff Safo's counsel, together with Mr. Pineda and his attorney, with defendant WMATA's counsel as well as co-defendant Fritzmaurice's counsel appeared before Magistrate Judge Facciola in this case on May 29, 2008.

2. With all parties consenting to proceed before the Magistrate Judge in this case, and Judge Sullivan entering an Order of Reference to the Magistrate Judge, this consolidated case was set for trial to commence before the Magistrate Judge on August 27, 2008.

3. There was some discussions between counsel and the Magistrate Judge that defendants may stipulate to liability in these matters, leaving for the Magistrate Judge at trial a determination of the amount, if any, plaintiffs herein, who were riding as passengers on two (2) WMATA Metrobuses at the time of the alleged collisions, should receive as compensation for their alleged injuries.

4. On January 15, 2008, plaintiff Safo's propounded a series of plaintiff's Interrogatories in this matter, serving same upon counsel for WMATA as well as counsel for defendant Fritzmaurice.

5. On February 26, 2008, and neither defendant having filed Answers/Responses, counsel for plaintiff Safo wrote a good faith letter to obtain the requested discovery from both counsel, advising that if Answers/Responses were not received on or before March 7, 2008, that it would appear that plaintiff Safo would have no other choice but to file a Motion to Compel with the Court.

6. By March 7, 2008, neither defendant filed Answers to plaintiff Safo's Interrogatories or responded to plaintiff Safo's Request for Production of Documents.

7. On May 30, 2008, and neither defendant filing any Answers or Responses

to plaintiff Safo's Interrogatories or responses to plaintiff Safo's Request for Production of Documents, plaintiff's Safo's counsel wrote a second (2nd) good faith letter to counsel for both of these defendants advising that if Answers/Responses were not filed by these promptly that it would appear that no other choice was left to plaintiff Safo but to file a Motion for Order Compelling Discovery.

8. By June 25, 2008, and neither defendant filing Answers to plaintiff Safo's Interrogatories or responses to plaintiff Safo's Request for Production of Documents, counsel for plaintiff Safo sent an e-mail to all counsel involved in this case. This plaintiff's counsel advised that if no sworn Answers/Responses were filed by June 30, 2008, the third (3rd) good faith effort to obtain reasonable discovery from defendants, that it would appear that plaintiff Safo would have no other choice but to file a Motion for Order Compelling Discovery.

9. As of the writing of this Motion, June 30, 2008, at approximately 2:45 P.M., plaintiff Safo's counsel has heard nothing from either counsel for defendant WMATA or defendant Fritzmaurice.

10. Plaintiff Safo's counsel has, however, received a Notice from both defendants herein to the effect that *neither* defendant is stipulating to liability in this case.

11. It would appear that this case will indeed proceed to trial before the Magistrate Judge on August 27, 2008. However, at this time, no Answers to plaintiff Safo's Interrogatories and Responses to plaintiff Safo's Request for Production of Documents have been filed by counsel for either defendant, and plaintiff Safo has absolutely no understanding of the contention(s) of the defendants, other than *both* defendants have now advised the Court and counsel that *neither* is willing to stipulate to liability in this case to

plaintiffs who were riding as passengers on defendant WMATA's Metrobuses.

WHEREFORE, the premises being considered, and the short time remaining before plaintiff Safo as well as plaintiff Pineda must make determinations as to whether oral depositions should be scheduled and conducted, and with plaintiff Safo, via his counsel having exhausted three (3) good faith efforts to obtain the requested discovery from defendants herein before seeking the assistance of this Honorable Court, respectfully submit that this Court should enter an appropriate Order directing that the defendants, Washington Metropolitan Area Transit Authority, via its counsel, and defendant Edward J. Fritzmaurice, **forthwith** fully comply and answer plaintiff Safo's Interrogatories and respond to plaintiff Safo's Request for Production of Documents, which are indeed reasonable discovery requests permitted by the applicable Rules of this Court.

Respectfully submitted,

SACKS & CHAPIN, P.C.

/S/_____
PETER A. CHAPIN,   #0002030
Attorney for Plaintiff
927 15th Street, N.W.
9th Floor
Washington, D.C., 20005
(202) 659-1200
(FAX) (202) 659-1029
pac@sacksandchapin.com

## GOOD <u>FAITH</u> CERTIFICATION PURSUANT TO RULE 37(a)
## <u>SUPERIOR COURT OF D.C. - CIVIL RULES</u>

1.    I, PETER A. CHAPIN, counsel for plaintiff Safo herein, hereby certifies to the previously stated three (3) good faith efforts to obtain reasonable discovery from the defendant, all pursuant to Rule 37, Federal Rules of Civil Procedure before applying to this Honorable Court for an Order Compelling Discovery.

2.    That I have attempted three (3) good faith efforts at obtaining defendant WMATA and Fritzmaurice's Answers to Interrogatories and Responses to plaintiff Safo's Request for Production of Documents from these defendants and their counsel before applying for relief to this Honorable Court.

3.    A copy of plaintiff's counsel's e-mail of June 25, 2008, to both defendant's counsel is herewith attached, marked as Exhibit "A", and prayed to be read as a part hereof.

SACKS & CHAPIN, P.C.

/S/_____
PETER A. CHAPIN, #002030
Attorney for Plaintiff Safo

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion for Order Compelling Discovery, with included Certification pursuant to Rule 37(a), Federal Rules of Civil Procedure, and proposed Order was electronically filed/served upon:

Lawrence K. Bou, Esquire
Attorney for Plaintiff Pineda
1001 Connecticut Avenue, N.W.
Suite 204
Washington, D.C., 20036

Nicholas S. Nunzio, Jr., Esquire
Assistant General Counsel - WMATA
600 Fifth Street, N.W.
Washington, D.C., 20001

Amanda Myers, Esquire
Attorney for defendant Fritzmaurice
904 Wind River Lane
Suite 103
Gaithersburg, Maryland, 20878

this 30th day of June, 2008.

/S/_____
PETER A. CHAPIN,
Attorney for Plaintiff Safo

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALEXANDER G. PINEDA,               :

    Plaintiff                           :

vs.                                :     Civil No.: 1:07-CV-01948
                                         **Mag. Judge Facciola**
EDWARD J. FRITZMAURICE, et al      :

    Defendant                          :

* * * * * * * * * * * * * * * * * * * * * * * * * *

NEWBE SAFFO,                       :     Civil No.: 1:07-cv-02325
                                         **Mag. Judge Facciola**
    Plaintiff                           :

vs.                                :

WMATA, et al,                      :

    Defendants                         :

POINTS AND AUTHORITIES IN SUPPORT OF
<u>PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCOVERY</u>

    1.    Plaintiff Safo's Interrogatories and Request for Production of Documents, propounded upon the defendants WMATA and Friztmaurice via their counsel, on January 15, 2008.

    2.    Plaintiff Safo's counsel's three (3) good faith efforts, pursuant to Rule 37, Federal Rules of Civil Procedure, to obtain the requested discovery from defendants before

applying for relief to this Honorable Court.

3. Plaintiff Safo's counsel's e-mail to counsel for defendants, dated June 25, 2008, a copy of which is attached hereto, marked as Exhibit "A", and prayed to be read as part hereof.

4. Rule 37, Federal Rules of Civil Procedure

5. Defendants' failure to file Answers to Interrogatories and Responses to request for Production of Documents, now approximately four (4) months overdue.

Respectfully submitted,

SACKS & CHAPIN, P.C.

/S/_____
PETER A. CHAPIN,   #0002030
Attorney for Plaintiff Safo
927 15th Street, N.W.
9th Floor
Washington, D.C.,  20005
(202) 659-1200
(FAX) (202) 659-1029
pac@sacksandchapin.com

```
 .t: Pineda vs. Fritzmaurice, et al and Safo v. Hannah, et al
 .n: "Peter A. Chapin" <pac@sacksandchapin.com>
 .te: Wed, 25 Jun 2008 08:26:51 -0400
 To: Amanda Myers <wesker_whittaker@yahoo.com>, "Nicholas Nunzio, Jr."
<nnunzio@wmata.com>
CC: Lawrence Bou <lawrence@bouandbou.com>
X-Mozilla-Status: 0001
X-Mozilla-Status2: 00800000
Message-ID: <4862398B.1040004@sacksandchapin.com>
Disposition-Notification-To: "Peter A. Chapin" <pac@sacksandchapin.com>
User-Agent: Mozilla/5.0 (Windows; U; Windows NT 5.1; en-US; rv:1.7.12) Gecko/20050915
X-Accept-Language: en-us, en
MIME-Version: 1.0
Content-Type: text/html; charset=us-ascii
Content-Transfer-Encoding: 7bit
```

Good Morning Ms. Myers: I have received an electronic notice from the Court in the above captioned now consolidated case, in which you and your office represents Mr. Fritzmaurice. I was not able to retrieve a copy of Document #17, in which I <u>believe</u> Mr. Wesker was advising the Court and counsel that defendant Fritzmaurice <u>does not</u> stipulate to liability in this case as to our client, Mr. Safo? I was able to retrieve a copy of Document #14, which applied to Mr. Fritzmaurice's liability to Mr. Bou's client, Mr. Pineda. If you could e-mail me a copy of Document #17, I would greatly appreciate it.

It would seem that we all will be required to spend the time and effort to conclude these claims by way of trial before Magistrate Judge Facciola on Wednesday, August 27, 2008 at 9:30 A.M.? In order to avoid a waste of time and effort, I would greatly appreciate advice from you as well as Mr. Nunzio as to whether either you or he will be responsible for issuing and serving *subpoenas* in this matter upon any witness(es)?

I note from our files that we propounded a series of Interrogatories and Request for Production of Documents upon you, as counsel for Mr. Fritzmaurice, and a separate set upon Mr. Nunzio, as counsel for WMATA on **January 15, 2008.** We have not received any Answers/Responses from either defendant.

Please accept this letter as our good faith effort to obtain reasonable discovery from both defendants before I believe it will be necessary for us to file a Motion to Compel with the Court. I shall presume that unless we have received sworn Answers/Responses by **Monday, June 30, 2008,** that our only alternative is to file a Motion to Compel with the Court.

Obviously, we have no desire to make an issue out of discovery matters, but given the posture of Mr. Wesker's "Line" of yesterday, I believe we have no other choice but to move forward and fully protect our client's interests in this case..

Depending upon your client's Answers/Responses to our discovery requests, as well as WMATA's, we shall then be in a posture to determine whether it will be necessary for us to note depositions of any parties or witnesses. Your cooperation as well as Mr. Nunzio's in

**PLAINTIFF'S EXHIBIT A**

advising all counsel whether you wish to depose any witness or party to this case would also be greatly appreciated.

We also discussed, when we all last met before Magistrate Judge Facciola, whether the defendants would permit this matter to proceed to trial, so-to-speak, as a Maryland 10-104, submission? Advice from you and Mr. Nunzio on this issue would also be greatly appreciated.

--
-- Peter A. Chapin
==================================================
The Law Offices of Sacks & Chapin, P.C.
927 15th Street N.W. - 9th Floor
Washington, D.C. 20005
202-659-1200
==================================================

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALEXANDER G. PINEDA,                    :

    Plaintiff                           :

vs.                                     :    Civil No.: 1:07-CV-01948
                                             **Mag. Judge Facciola**
EDWARD J. FRITZMAURICE, et al           :

    Defendant                           :

* * * * * * * * * * * * * * * * * * * * * * * * * *

NEWBE SAFFO,                            :    Civil No.: 1:07-cv-02325
                                             **Mag. Judge Facciola**
    Plaintiff                           :

vs.                                     :

WMATA, et al,                           :

    Defendants                          :

ORDER

The above captioned matter having come before the Court upon plaintiff Safo's Motion for an Order Compelling Discovery, and any Opposition thereto having been filed by either defendant herein also being considered, and the Court having noted counsel for plaintiff Safo's three (3) good faith efforts at securing the requested discovery in the form of Answers to Interrogatories and Responses to Request for Production of Documents from two (2) of the defendants herein before seeking the assistance of the Court in the form of this Order; with the Court noting that plaintiff Safo's counsel has supplied the Court

with a copy of an e-mailed letter so attesting to three (3) good faith efforts to secure reasonable discovery from defendants herein, and two (2) of the defendants having voluntarily failed to supply same, it is by the Court, this ___ day of _____, 2008;

ORDERED, that plaintiff Safo's Motion for Order Compelling Discovery shall, and the same is hereby granted; and it is further,

ORDERED, that the defendant, Washington Metropolitan Area Transit Authority, by and through its attorney and defendant Fritzmaurice, by and through his counsel, shall fully comply by submitting full written and sworn Answers to plaintiff Safo's Interrogatories, and Responses to plaintiff Safo's Request for Production of Documents, the original being retained by counsel for defendants, with a copy of same being served electronically upon counsel for plaintiff Safo and co-plaintiff Pineda, and it is further,

ORDERED, that in the event that either defendant shall fail to so respond as is being Ordered herein, on or before the _____ day of _____, 2008, that upon application of plaintiff Safo pursuant to Rule 37(b)(2)(C), Federal Rules of Civil Procedure, this plaintiff may move this Court for entry of a Judgment of Default on the issue of either or both of these defendant's liability unto the plaintiff Safo, reserving for trial the amount, if any, of damages to which the plaintiff Safo may be entitled.

                                                      _____
                                                      **JOHN FACCIOLA**
                                                      **United States Magistrate Judge**

Copies To:

Peter A. Chapin, Esquire
Attorney for Plaintiff Safo
927 15th Street, N.W.
9th Floor
Washington, D.C., 20005

Lawrence K. Bou, Esquire
Attorney for Plaintiff Pineda
1001 Connecticut Avenue, N.W.
Suite 204
Washington, D.C., 20036

Nicholas S. Nunzio, Jr., Esquire
Assistant General Counsel – WMATA
600 Fifth Street, N.W.
Washington, D.C., 20001

Amanda Myers, Esquire
Attorney for defendant Fritzmaurice
904 Wind River Lane
Suite 103
Gaithersburg, Maryland, 20878